FILED
SCRANTON

MAY 1 6 2023

PER _____
DEPUTY CLERK

## THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAVERNE SCHAEFFER, | : | |
| Petitioner | : | |
| | : | CASE NO. 3:17-CR-239 |
| v. | : | (RELATED CASE NO. 3:21-CV-220) |
| | : | |
| UNITED STATES OF AMERICA, | : | (JUDGE MARIANI) |
| Respondent. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On October 30, 2018, Laverne Schaeffer pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846. (Docs. 141, 155.) Presently before the Court is Schaeffer's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 252.) For the reasons stated below, the Court will grant the Motion with respect to Ground Three, and deny the Motion without prejudice with respect to Grounds One and Two.

### II. STATEMENT OF FACTS

On August 8, 2017, a federal grand jury returned an eight-count indictment against Laverne Schaeffer and three co-defendants. (PSR, Doc. 168 ¶ 1.) The indictment charged Schaeffer with one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. § 846. (*Id.*) The indictment also includes a forfeiture allegation, pursuant to 21 U.S.C. § 853(p), under which certain of Schaeffer's real property is subject to forfeiture. (*Id.*)

Schaeffer was arrested by DEA agents on August 10, 2017, and initially pled not guilty to the indictment.  (*Id.* ¶ 2.)  On October 30, 2018, Schaeffer entered a plea of guilty to Count 1 of the indictment, pursuant to a negotiated plea agreement.[1]  (*Id.* ¶ 6.)  In doing so, Schaeffer admitted her involvement in the trafficking of methamphetamine with her husband Ernest Schaeffer from their residence in Schuylkill County, Pennsylvania between July 2016 and May 24, 2017.  (*Id.* ¶¶ 9–19.)  The Government's investigation into the Schaeffers' conduct resulted in the seizure of approximately ten ounces of methamphetamine and several firearms, one of which belonged to Laverne Schaeffer.  (Plea Hr'g Tr., Doc. 258 at 17:22–18:12.)

The plea agreement provided, *inter alia*, that (1) the Government would recommend that Schaeffer "was involved in the distribution and possession with intent to distribute more than 50 and less than 200 grams of methamphetamine"; (2) if Schaeffer demonstrated acceptance of responsibility in accordance with the Sentencing Guidelines, the Government would recommend a three-level reduction in her offense level; and (3) the Government "specifically reserve[d] the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable."  (Plea Agreement, Doc. 141 at 8, 9.)  The plea agreement did not include an appeal-waiver provision.

---

[1] Schaeffer was represented by Attorney Christopher Osborne when she entered her plea and at sentencing.

A Presentence Investigation Report ("PSR") was prepared, to which neither party filed any objections. (*See* First Add. to PSR, Doc. 168.) The PSR provides a total offense level of twenty-one. (PSR ¶ 34.) This total reflects a base offense level of twenty-four, a two-level addition for possession of firearms in connection with the offense, a two-level reduction for Schaeffer's minor role in the conspiracy, and a three-level reduction for her acceptance of responsibility. (*Id.* ¶¶ 25, 26, 28, 32, 33.) With no prior criminal record, Schaeffer's criminal history category is I. (*Id.* ¶ 37.) Accordingly, Schaeffer's guideline imprisonment range was thirty-seven to forty-six months. (*Id.* ¶ 54.) However, because the statutorily required minimum of five years exceeded the guideline range, the guideline term of imprisonment was sixty months. (*Id.*) The statutory maximum was forty years. (*Id.* ¶ 53.)

Ahead of her sentencing, the Government filed a Motion for Downward Departure in light of Schaeffer's substantial assistance to law enforcement. (Doc. 238 (filed under seal).) The Government recommended an eighteen-month departure from the mandatory minimum and guidelines range sentence, which would reduce Schaeffer's guideline sentence to forty-two months. (*Id.* at 6.)

This Court held a sentencing hearing on February 5, 2020. The Court granted the Government's Motion for Downward Departure, acknowledging Schaeffer's assistance with the Government's investigation into her co-defendants and her husband and reducing the guideline range to forty-two months. (Sent'g Hr'g Tr. at 9:11–13.) Schaeffer's counsel thereafter requested the Court depart even further than the Government's recommendation

3

of forty-two months. (*Id.* at 8:12–15.) He emphasized Schaeffer's drug addiction and her subsequent progress in becoming and remaining sober. (*Id.* at 6:1–19.) Schaeffer's counsel highlighted other relevant factors in the sentencing memorandum filed on her behalf, including her acceptance of responsibility, her cooperation with the Government, and her abusive marriage. (Schaeffer Sent'g Memo., Doc. 241 at 5.) Counsel for the Government also acknowledged factors weighing in favor of a reduced sentence and concluded that a variance from the forty-two month guideline sentence would be appropriate. (*Id.* at 13:2–5.)

The Court ultimately varied below the reduced guideline range and imposed a sentence of twenty-eight months of imprisonment, three years of supervised release, a $100 special assessment fee, and forfeiture of all rights as set forth in this Court's Preliminary Order of Forfeiture (Doc. 222). (Sent'g Hr'g Tr. at 17:25–19:6.) In arriving at its decision, the Court expressly considered Schaeffer's abusive marriage, her drug addiction, her recent success in addiction treatment, her minor role in the conspiracy, and her lack of a criminal record. (*Id.* at 15:1–19, 16:9:12, 16:20–22.)

Schaeffer did not file a direct appeal. She filed the instant § 2255 Motion *pro se* on February 8, 2021. (Doc. 252.) The Government filed its brief in opposition on July 1, 2022. (Doc. 260.) The Motion is now ripe for disposition.[2]

---

[2] Although Schaeffer was released from prison on May 18, 2021, her Motion is not moot because she remains subject to supervised release through May 18, 2024.

4

### III. STANDARD OF REVIEW

#### a. 28 U.S.C. § 2255

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief only under exceptional circumstances: for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice," *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)), or "an omission inconsistent with the rudimentary

5

demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428, (1962). If the court

determines that the sentence was not authorized by law, was unconstitutional, or is

otherwise open to collateral attack, the court may vacate the judgment, resentence the

prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an

evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that
> the prisoner is entitled to no relief, the court shall cause notice thereof to be
> served upon the United States attorney, grant a prompt hearing thereon,
> determine the issues and make findings of fact and conclusions of law with
> respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth,* the Court of Appeals for the Third Circuit

explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a
> defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255,
> our caselaw has imposed limitations on the exercise of that discretion. In
> considering a motion to vacate a defendant's sentence, "the court must accept
> the truth of the movant's factual allegations unless they are clearly frivolous on
> the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865
> F.2d 59, 62 (3d Cir. 1989). *See also* R. Governing § 2255 Cases R. 4(b). The
> district court is required to hold an evidentiary hearing "unless the motion and
> files and records of the case show conclusively that the movant is not entitled
> to relief." *Id.* We have characterized this standard as creating a "reasonably low
> threshold for habeas petitioners to meet." [*United States v. McCoy,* 410 F.3d
> 124, 134 (3d Cir. 2005)] (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th
> Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an
> evidentiary hearing when the files and records of the case are inconclusive as
> to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition
> allege[s] any facts warranting relief under § 2255 that are not clearly resolved
> by the record, the District Court [is] obligated to follow the statutory mandate to
> hold an evidentiary hearing.").

432 F.3d 542, 545–46 (3d Cir. 2005). Generally, the petitioner bears the burden of proof in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly raised for the first time on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 689–92). To establish prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

### IV. ANALYSIS

Schaeffer's *pro se* Motion seeks relief on the basis that she received ineffective assistance of counsel. She sets forth three distinct grounds for relief. Under Ground One, she claims she was not properly informed of the consequences of entering her guilty plea.

7

(Doc. 252 at 4.)  Under Ground Two, she asserts her counsel failed "to object to the use of the Relevant Conduct" at sentencing.  (*Id.* at 5.)  And under Ground Three, she contends her counsel failed to adequately consult with her regarding her right to appeal.  (*Id.* at 6.) Because her success on Ground Three informs the Court's treatment of Grounds One and Two, the Court begins with Ground Three.

### A. Ground Three: Appeal

Schaeffer argues her "Counsel was Ineffective for Failing to Adequately Consult with [her] about [her] Right to Appeal or Filing a Notice of Appeal."  (*Id.*)  Schaeffer did not file a direct appeal, and she contends that she "would have appealed 'but for counsel's deficient conduct' in failing to consult."  (Doc. 252 at 8.)  She explains that "[o]n the day of sentencing," she "wanted to appeal the judgment" and asked her counsel a "question . . . about appealing the sentence."  (*Id.*)  "Osborne responded to this with a very vague and confusing reply" that was "not committal" and left her "without clarity as to what the next step would be."  (*Id.* at 2, 8.)  She adds, "My learning disability requires me to have someone with me at all times to help me understand matters. The confusion following sentencing and Osborne's appeal explanation was never clarified."  (*Id.* at 2.)  She also implies that counsel failed to advise her of the "procedure and time limits involved and of the right to appointed counsel on appeal."  (*Id.* at 8.)

In those cases, like here, "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question whether counsel has

performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Solis v. United States*, 252 F.3d 289, 293 (3d Cir. 2001) (citing *Flores-Ortega,* 528 U.S. at 480). The "consultation itself must not be deficient." *Mondelice v. United States*, No. 3:15-CR-295, 2021 WL 808755, at *9 (M.D. Pa. Mar. 3, 2021), *aff'd*, No. 21-1517, 2023 WL 2447444 (3d Cir. Mar. 10, 2023) (quoting *United States v. Purcell*, 667 F. Supp. 2d 498, 514 (E.D. Pa. 2009), *as amended* (Oct. 30, 2009), *aff'd*, 517 F. App'x 79 (3d Cir. 2013)). Finally, upon a showing that "there is a reasonable probability that, but for counsel's deficient failure to consult with [a defendant] about an appeal, he would have timely appealed," prejudice will be presumed. *Flores-Ortega*, 528 U.S. at 484.

The Government contends that this claim fails because Schaeffer's "allegation is 'conclusively contradicted by the record.'" (Doc. 260 at 16.) The Government submits an affidavit in which Schaeffer's counsel attests the following:

> After her sentence, Ms. Schaeffer had her Appellate Rights explained to her by the Court. I went over her rights and her rights to an appeal with Ms. Schaeffer. I explained to her the different possibilities that could occur if she were to file

an appeal.  Ms. Schaeffer never requested that I file a notice of appeal on her behalf.

(*See* Christopher Osborne Aff., Doc. 260-1.)  Because a petitioner is not "entitled to a hearing if his allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous," the Government urges this Court to dismiss Schaeffer's claim without a hearing.  (Doc. 260 at 16 (citing *Solis*, 252 F.3d at 295).)

The Government correctly recites the law, but it is also true that "[i]n assessing whether a hearing is necessary, the court 'must accept the truth of the movant's factual allegations unless they are clearly frivolous' or contradicted by the record." *United States v. Valenta*, No. 20-1673, 2022 WL 265876, at *2 (3d Cir. Jan. 28, 2022) (quoting *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015)).  In other words, a petitioner's allegations need not necessarily be substantiated to be presumed true.  *See id.* at *3 n.3 (citing *Moore v. United States*, 571 F.2d 179, 184–85 (3d Cir. 1978)); *see also Moore*, 571 F.2d at 184 (taking "as true the allegations of the petitioner, unless they are clearly frivolous" in absence of hearing transcripts or affidavits to expand the record, and finding such rule "especially appropriate" in the case of a *pro se* petitioner).

In light of this, counsel's affidavit does not render Schaeffer's allegations clearly frivolous or contradicted by the record.  *See, e.g., Moore v. United States*, No. 1:19-CV-19107, 2020 WL 6042254, at *4 (D.N.J. Oct. 13, 2020) (requiring an evidentiary hearing when petitioner alleged his attorney failed to file an appeal on his behalf despite his

instruction to do so, in direct contradiction with his attorney's affidavit stating that petitioner said he did not want to appeal).

The Court concludes that Schaeffer's allegations raise a colorable claim of ineffective assistance for failing to adequately consult with her regarding her appeal rights. Notably, she does not claim to have requested outright that her counsel file a notice of appeal. Instead, she alleges that she asked her counsel a "question . . . about appealing the sentence" (Doc. 252 at 8), and that her counsel gave her a "very vague and confusing reply" that was "not committal" and left her confused regarding the next step.[3] (*Id.* at 2, 8.) Meanwhile, her counsel attests that he "went over . . . her rights to an appeal" with her, and that she "never requested that [he] file a notice of appeal on her behalf." (*See* Osborne Aff.) Importantly, these statements could both be true—neither precludes the veracity of the other. And together, they establish that at least some conversation was had regarding the

---

[3] Schaeffer also implied that her confusion was due, at least in part, to her learning disability, which requires her "to have someone with [her] at all times to help [her] understand matters." (Doc. 252 at 8.) Because Schaeffer's allegations raise a question of fact even disregarding this detail, the Court need not decide the effect of her alleged learning disability. The Court notes only that Schaeffer testified as follows at her plea hearing:

> **THE COURT:** All right. Do you have any learning disabilities or other issues of that type that would prevent you from understanding these proceedings here today?
>
> **DEFT. SCHAEFFER:** No.

(Plea Hr'g Tr. at 4:14–17.) Absent any suggestion that Schaeffer's learning disability developed between her plea hearing and her sentencing, her testimony at the former likely contradicts this allegation so as to rebut any presumption of truth it would otherwise be given.

appeal process. But they fail to establish conclusively that counsel's consultation with Schaeffer was legally adequate.

Indeed, the "consultation itself must not be deficient." *Mondelice*, 2021 WL 808755, at *9 (quoting *Purcell*, 667 F. Supp. 2d at 514). "[A]n attorney may not speak cursorily with a client about an appeal and call it a 'consultation.'" *Hodge v. United States*, 554 F.3d 372, 380 (3d Cir. 2009). The Supreme Court in *Flores-Ortega* defined "consulting" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." 528 U.S. at 478. And the Third Circuit has read *Strickland* to require that "the advice an attorney dispenses during consultation . . . meet an 'objective standard of reasonableness.'" *Hodge*, 554 F.3d at 380. Finally, any doubt as to a defendant's wishes "should [be] resolved in favor of appeal." *Id.*

Here, the precise question is whether counsel's discussion with Schaeffer regarding her appeal rights was a proper consultation, or in other words, whether counsel declined to file a notice of appeal only after "advising [her] about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover [her] wishes." *Flores-Ortega*, 528 U.S. at 478. Schaeffer's allegations, on their face, show that she "reasonably demonstrated to counsel that [s]he was interested in appealing." *Solis*, 252 F.3d at 293 (citing *Flores-Ortega*, 528 U.S. at 480). Accordingly, her counsel was required to consult with her about an appeal. *See id.* Her allegations suggest that her counsel may not have provided adequate consultation; if any consultation occurred, it left her confused and

12

unaware of her rights.  Counsel's affidavit, on the other hand, suggests he advised her of her rights and was never told to file a notice of appeal on her behalf.  The affidavit does not elaborate on the substance of their conversation nor state whether Schaeffer asked questions or otherwise expressed an interest in appealing.

Under normal circumstances, resolving this issue might require the Court to hold a limited evidentiary hearing.  *See Solis*, 252 F.3d at 294 ("Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning petitioner's entitlement to relief."); *see also United States v. Valenta*, No. 20-1673, 2022 WL 265876, at *4 (3d Cir. Jan. 28, 2022) (remanding for an evidentiary hearing to determine whether counsel consulted with petitioner about an appeal, when petitioner alleged that his counsel failed to file an appeal despite his "continual" questions).

There is, unfortunately, a complicating factor: Schaeffer's counsel is now deceased.  Thus, the only testimony to be presented at an evidentiary hearing would be Schaeffer's, with no witness to rebut her version of events.  The Court presumes that Schaeffer's testimony would resemble the allegations set forth in her Motion.  Considering Schaeffer's allegations—that she wanted to appeal and asked her counsel a "question . . . about appealing the sentence" but was left confused and unaware of what the next step would be—Schaeffer would succeed in demonstrating her attorney's consultation was deficient.  By her telling, he did not "mak[e] a reasonable effort to discover [her] wishes," *Flores-Ortega*, 528 U.S. at 478, or at the very least, he should have developed some level of doubt

13

as to what her wishes were. Because any doubt on an attorney's behalf as to a defendant's wishes "should [be] resolved in favor of appeal," *Hodge*, 554 F.3d at 380, his failure to file a notice of appeal "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

The Court therefore determines, in its discretion, that holding an evidentiary hearing would be a waste of judicial resources. *See United States v. Borrome*, No. CIV. 00-517, 2000 WL 298989, at *3 (E.D. Pa. Mar. 15, 2000) (finding no factual dispute to necessitate an evidentiary hearing, but noting petitioner's counsel's death as "yet another reason for [the court's] belief that such a hearing would be an unproductive use of judicial resources"). On the basis of her Motion, and considering that her counsel is unavailable to testify in his defense, the Court finds that his performance was deficient.

And because Schaeffer's Motion establishes "a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [s]he would have timely appealed," prejudice is presumed.[4] *Flores-Ortega*, 528 U.S. at 484. Concluding that her counsel rendered ineffective assistance, Schaeffer "must be given the opportunity *nunc pro tunc* to brief [her] direct appeal in full." *Solis*, 252 F.3d at 295. The Court will therefore reinstate Schaeffer's judgment of conviction to allow her to file an appeal.

---

[4] Notably, establishing prejudice does not require a petitioner to show that her "hypothetical appeal might have had merit." *See Flores-Ortega*, 528 U.S. at 486.

14

**B. Grounds One and Two**

Because Schaeffer will now have the opportunity to appeal, the Court will deny her

Motion, without prejudice, with respect to Grounds One and Two.  *See Zavala v. Att'y Gen.*

*of the United States of Am.*, 655 F. App'x 927, 930 (3d Cir. 2016) ("[A]llowing [the movant]

to pursue his direct appeal and then raise any remaining collateral claims in a § 2255

motion ensures the orderly administration of direct and collateral proceedings." (quoting *In*

*re Olabode*, 325 F.3d 166, 173 (3d Cir. 2003))).

*Solis* is instructive.  In *Solis*, the Third Circuit remanded for a hearing to determine if

petitioner's counsel was ineffective for failing to file a notice of appeal, and declined to

"determine whether [his] counsel was ineffective for any other reason." 252 F.3d at 295.

Petitioner's remaining claims were dismissed without prejudice.  *Id.*  The Third Circuit noted

that "if still viable, [those claims] may be raised in a future § 2255 petition." *Id.*; *see also*

*United States v. Melendez*, No. CR 17-387-1, 2022 WL 2986764, at *5 (E.D. Pa. July 28,

2022) (reinstating petitioner's appeal rights and denying remaining ineffective assistance

claims without prejudice).

Schaeffer's remaining claims will therefore be denied without prejudice, and in the

event she files "another § 2255 petition, it shall be deemed [her] first filed petition." *Solis*,

252 F.3d at 295.

## VI. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ["COA"]." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D. Pa. June 8, 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted because the Court finds that reasonable jurists would not find this Court's resolution of Schaeffer's constitutional claims debatable or wrong.

## VII. CONCLUSION

For the aforementioned reasons, the Court will deny without prejudice Schaeffer's *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 252) with respect to Grounds One and Two, and will grant the Motion with respect to Ground Three. A separate Order follows.

Robert D. Mariani
United States District Judge